[Nos. 39015, 39062. Department One. August 10, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES GJERTSON, *Appellant.*
THE STATE OF WASHINGTON, *Respondent*, v. CHARLES GJERTSON, *Defendant*, MARVIN J. PICHE, *Appellant.**

*Baird & White* and *Paul R. White*, for appellant (appointed counsel for appeal).

*W. Edward Allan*, for appellant (appointed counsel for appeal).

*Paul A. Klasen, Jr.* and *J. O. Neal*, for respondent.

HILL, J.—Marvin J. Piche and Charles Gjertson were each being held in the Grant County jail on a felony charge. Together with one Rene Gonzales they were jointly charged with an attempt to escape therefrom. Piche and Gjertson each entered a plea of guilty to that charge, and each of them was sentenced to imprisonment for a term of not to exceed 10 years.

The statutory basis for this sentence was RCW 9.31.010 (Laws of 1955, ch. 320, § 2), which reads:

Every prisoner confined in a prison, or being in the lawful custody of an officer or other person, who escapes

*Reported in 430 P.2d 972.

or attempts to escape from such prison or custody if he is held on a charge, conviction, or sentence of a felony, shall be guilty of a felony; if held on a charge, conviction, or sentence of a gross misdemeanor or misdemeanor, he shall be guilty of a misdemeanor.

It being charged (and conceded) that Piche and Gjertson were each in the Grant County jail on a felony charge when they made their attempt to escape, the trial court proceeded on the theory that each was guilty of a felony and imposed the appropriate penalty of 10 years. See RCW 9.92.010,[1] which sets 10 years as the maximum sentence for a person convicted of a felony for which no specially prescribed statutory punishment is provided.

Piche and Gjertson each appealed from the 10-year sentence, urging that since each was only charged with an attempt to escape, and since each conviction on a plea of guilty was only for an attempt to commit a felony, each sentence should be only one-half of what could have been imposed if a felony had been committed. Their reliance is placed on RCW 9.01.070,[2] which provides that an attempt to commit a crime (not punishable by death or life imprisonment) shall be punished by imprisonment for not more than half of the longest term prescribed for the conviction of the offense committed.

---

[1]"Every person convicted of a felony for which no punishment is specially prescribed by any statutory provision in force at the time of conviction and sentence, shall be punished by imprisonment in the state penitentiary for not more than ten years, or by a fine of not more than five thousand dollars, or by both." RCW 9.92.010

[2]"An act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime; and every person who attempts to commit a crime, *unless otherwise prescribed by statute,* shall be punished as follows:

(1) If the crime attempted is punishable by death or life imprisonment, the person convicted of the attempt shall be punished by imprisonment in the state penitentiary for not more than twenty years.

(2) In every other case he shall be punished by imprisonment in such manner as may be prescribed for the commission of the completed offense, for not more than half the longest term, or by a fine of not more than half the largest sum, prescribed upon conviction for the commission of the offense attempted, or by both such fine and imprisonment; . . . ." RCW 9.01.070 (Italics ours.)

While Piche and Gjertson each appealed separately, their appeals—presenting the same issue—were consolidated for hearing, and one opinion will dispose of both appeals.

The contention made is ingenious, but also ingenuous. The appellants were not convicted of an attempt to commit a felony; they were convicted of a felony, *i.e.*, a violation of RCW 9.31.010 (heretofore quoted), which makes either an escape or an attempt to escape a felony in itself.

This is by no means the only situation in which the legislature has indicated that it regards the attempt to commit certain crimes to be as serious an offense as the commission of the crime itself.[3]

■ Since the legislature has by statute made many "attempts" specific crimes, as indicated in footnote 3, the general "attempt" statute (RCW 9.01.070) applies only where there is no specific statutory provision making an "attempt" an included crime. The statute relied upon by the appellants is a general catch-all designed to be applicable to "attempts" to commit a crime "not otherwise prescribed by statute." It is clear that such a statute applies only where there is no other provision of law under which an "attempt" is punishable.[4]

■ We are here concerned with a specific "attempt" statute, *i.e.*, RCW 9.31.010, which makes no distinction between the person who escapes from prison or custody and

---

[3]See RCW 9.01.080 (attempt to commit a felony while armed with a deadly weapon);
  RCW 9.05.060 (attempted sabotage);
  RCW 9.18.010 (attempted bribery);
  RCW 9.18.040 (attempt to bribe a witness);
  RCW 9.18.060 (attempt to influence juror);
  RCW 9.18.090 (attempt to interfere with public officer);
  RCW 9.18.110 (attempted graft);
  RCW 9.27.040 (attempted riot);
  RCW 9.41.020 (attempt to commit a crime while armed);
  RCW 9.62.010 (attempted malicious prosecution);
  RCW 9.72.110 (attempt to suborn perjury);
  RCW 9.75.030 (attempt to rob sluice boxes, etc.);
  RCW 16.52.160 (attempt to perform acts of cruelty to animals);
  RCW 66.44.290 (minor attempting to purchase liquor).

[4]Accord; see *Ex parte Smith,* 95 Okla. Crim. 370, 246 P.2d 389 (1952); *Barnett v. Gladden,* 237 Ore. 76, 390 P.2d 614 (1964).

the one who attempts to escape therefrom. The trial court imposed the proper penalty on each appellant—the one applicable to a violation of RCW 9.31.010 as fixed by RCW 9.92.010, *i.e.*, 10 years.

We approve the sentences and affirm the judgments appealed from.

FINLEY, C. J., ROSELLINI and HALE, JJ., and BARNETT, J. Pro. Tem., concur.

September 21, 1967. Petition for rehearing denied.