[No. 2657–3.   Division Three.   February 22, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. ARTHUR REESE HANSFORD, *Appellant.*

726

*Richard L. Cease, Public Defender,* and *Francis S. Conklin,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* for respondent.

MUNSON, J.—Arthur Reese Hansford appeals from a conviction of attempted first–degree extortion on the ground there is no such crime.

Mr. Hansford was arrested at approximately 4:20 a.m. on August 8, 1977, inside a Spokane home after he had gained entrance by kicking in the front door. At the time of his arrest, he was wearing plastic gloves on his hands and a nylon stocking pulled down over his head and face. He was armed with a sawed–off shotgun loaded with three slugs.

The arrest followed a stakeout at the residence after the police had learned of a plan to hold the family for reward. Mr. Hansford was advised of his rights and a search of his

person at the scene revealed a handwritten note in his left front pocket which read:

"We would like you to do what you are told. And nothing will happen to any member of your family, do you understand? 350,000 is the price for your family. You will receive instruction."

In another pocket was found a one-way airline ticket issued to Tom Louis for a flight to Los Angeles, California.

The only occupants of the house at the time of the breaking, entering, and arrest were the police officers on the stakeout. No members of the family were present nor was there any communication between Mr. Hansford and the family.

Mr. Hansford was subsequently charged with first-degree burglary, to which he pleaded guilty, and attempted first-degree extortion:

That [he] . . . did take a substantial step toward knowingly attempting to obtain property from the owner thereof by means of a threat to cause bodily injury in the future to other persons and to subject other persons to physical confinement or restraint.

"Extortion" is defined by RCW 9A.56.110 as "knowingly to obtain or *attempt to obtain* by threat property or services of the owner, . . ." (Italics ours.) First-degree extortion, pursuant to RCW 9A.56.120, is extortion committed by means of a "threat" which is defined by RCW 9A.04-.110(25)(a), (b), or (c):

"Threat" means to communicate, directly or indirectly the intent:

(a) To cause bodily injury in the future to the person threatened or to any other person; or

(b) To cause physical damage to the property of a person other than the actor; or

(c) To subject the person threatened or any other person to physical confinement or restraint; . . .

The attempt statute, RCW 9A.28.020 provides:

(1) A person is guilty of an attempt to commit crime if, with intent to commit a specific crime, he does any act

which is a substantial step toward the commission of that crime.

The essence of Mr. Hansford's position is since the extortion statute includes an attempt to obtain property from the owner thereof by means of a threat, he cannot be found guilty of attempting to attempt to obtain the property. He places substantial reliance on *State v. Gjertson,* 71 Wn.2d 757, 430 P.2d 972 (1967), and cases from other jurisdictions[1] dealing with attempts.

*State v. Gjertson, supra,* is distinguishable because it considered the prior attempt statute[2] which is markedly different. Secondly, in view of the recent Supreme Court construction of the current statute on attempt, we need not consider the other cases. In *State v. Workman,* 90 Wn.2d 443, 450–52, 584 P.2d 382 (1978), the court further defined the "substantial step" phrase in the current statute. Noting that the Model Penal Code § 5.01(1)(c) (Proposed Official Draft, 1962), employs similar language,[3] the court adopted the approach of the Model Penal Code in defining "substantial step." Particularly relevant is the code definition of conduct which may be held to be a "substantial step."

Section 5.01(2) of the Model Penal Code provides in pertinent part:

> Conduct shall not be held to constitute a substantial step . . . unless it is strongly corroborative of the actor's

---

[1]*See, e.g., State v. Taylor,* 345 Mo. 325, 133 S.W.2d 336 (1939); *State v. Davis,* 112 Mo. App. 346, 87 S.W. 33 (1905); *State v. Hewett,* 158 N.C. 627, 74 S.E. 356 (1912); *Commonwealth v. Willard,* 179 Pa. Super. Ct. 368, 116 A.2d 751 (1955); *Wiseman v. Commonwealth,* 143 Va. 631, 130 S.E. 249 (1925).

[2]Laws of 1909, ch. 249, § 12, p. 893 (RCW 9.01.070) provided in pertinent part:

"An act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime; . . ."

[3]The Model Penal Code § 5.01(1)(c) provides:

"(1) *Definition of Attempt.* A person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he:

criminal purpose. Without negativing the sufficiency of other conduct, the following, if strongly corroborative of the actor's criminal purpose, shall not be held insufficient as a matter of law:

. . .
(d) unlawful entry of a structure, vehicle or enclosure in which it is contemplated that the crime will be committed;

Furthermore, the legislature in defining extortion included the language "obtain or attempt to obtain by threat." Thus, in defining this particular offense, conduct resulting in obtaining or attempting to obtain property or services constitutes alternate means of committing the crime of extortion. The legislature is the proper governmental branch to define conduct which it determines shall be subject to criminal sanction. *State v. Wanrow*, 91 Wn.2d 301, 588 P.2d 1320 (1978).

In view of Mr. Hansford's early morning unlawful entry of the premises, his attire and armament, the threatening note and the Model Penal Code definition of "substantial step," the judgment of the Superior Court is affirmed.

GREEN, C.J., and ROE, J., concur.

---

"(a) purposely engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or

"(b) when causing a particular result is an element of the crime, does or omits to do anything with the purpose of causing or with the belief that it will cause such result without further conduct on his part; or

"(c) purposely does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."