[No. 13395-1-I.   Division One.   December 10, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. COLLEEN MARIE AUSTIN, *Appellant.*

*Elizabeth K. Selleck* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Edwin Inkley, Deputy,* for respondent.

DURHAM, C.J.—Colleen Austin appeals from her sentence of 2 years' imprisonment for violation of the Uniform Controlled Substances Act (VUCSA), RCW 69.50.403(a)(3).[1] Austin contends that because she was charged with and

---

[1]RCW 69.50.403(a)(3) provides:

"(a) It is unlawful for any person knowingly or intentionally: . . .

"(3) To obtain or *attempt to obtain* a controlled substance . . . (ii) by forgery or alteration of a prescription or any written order; . . ." (Italics ours.)

pleaded guilty to an attempted VUCSA, she was subject to a maximum sentence of only 1 year's imprisonment.

On September 18, 1981, Colleen Austin was charged by amended information with two counts of VUCSA. Count 1 charged Austin with "the crime of violation of the Uniform Controlled Substances Act". Count 2 charged her with "the crime of attempted violation of the Uniform Controlled Substances Act". Austin agreed to plead guilty to count 2 and, in return, the State agreed to dismiss count 1. Austin then executed a "Statement of Defendant on Plea of Guilty (Felony)". In this statement, Austin admitted that she gave an undercover police officer a forged prescription for Percodan, and together they attempted to obtain the drug. Austin stated that she was pleading guilty "to the crime of Attempted V.U.C.S.A." She also indicated that she understood she could be sentenced for a maximum term of 2 years in prison for this violation.

At Austin's plea hearing, the following colloquy occurred:

THE DEFENDANT: Is it true that an attempted VUCSA carries the same fine and jail sentence as a regular violation of the Uniform Controlled Substances Act?

THE COURT: State prepared to respond to that?

[STATE]: Your Honor, the only thing I can say at this point is that the maximum penalty for this particular offense is 2 years and/or a $2000 fine.

[DEFENSE COUNSEL]: . . . RCW 69.50.403 talks about attempted VUCSA and VUCSA in the same light and the same penalty. It's a separate penalty scheme.

THE COURT: Miss Austin, do you want to proceed or do you want to confer with your attorney some more?

THE DEFENDANT: I'll plead guilty to the charge.

Subsequently, the trial court entered an order deferring imposition of Austin's sentence for 2 years and placing Austin on probation. The conditions of Austin's probation were that she pay recoupment of attorney fees, abstain from the use of illegal drugs and successfully complete a drug treatment program.

At a probation revocation hearing held on May 25, 1983, the court found that Austin had violated the conditions of

her probation. The trial court revoked Austin's probation and sentenced her to 2 years' imprisonment.

Austin maintains that she was subject to a maximum sentence of 1 year's imprisonment. She contends that, because the State's information charged her with an "attempted violation" of the Uniform Controlled Substances Act, she was charged with the anticipatory crime of attempt pursuant to RCW 9A.28.020. Because VUCSA is a class C felony, RCW 9A.20.040, an attempt to commit it is a gross misdemeanor punishable by a maximum sentence of 1 year's imprisonment. Thus, she claims, the trial court erred. We do not find this argument persuasive.

In construing the previous criminal code, the Washington Supreme Court held that the general attempt statute does not apply when a specific statute makes an attempt an included crime. *State v. Gjertson,* 71 Wn.2d 757, 430 P.2d 972 (1967). In *Gjertson,* the defendants argued that because they were charged with an "attempt to escape," their sentence exceeded the maximum sentence allowable under the general attempt statute. *Gjertson,* at 758. The Supreme Court responded:

> The contention made is ingenious, but also ingenuous. The appellants were not convicted of an attempt to commit a felony; they were convicted of a felony . . . which makes either an escape or an attempt to escape a felony in itself.

*Gjertson,* at 759. Thus, *Gjertson* held that when the State charged the defendants with "attempt to escape," it was charging the defendants as if the crime had been completed.

This court applied the rationale of *Gjertson* to the newly enacted criminal code. *State v. Langworthy,* 20 Wn. App. 822, 826, 583 P.2d 1231 (1978), *rev'd on other grounds,* 92 Wn.2d 148, 594 P.2d 908 (1979). In *Langworthy,* this court held that the specific conspiracy provisions of the Uniform Controlled Substances Act applied to the exclusion of the general conspiracy provisions. *State v. Langworthy, supra.*

The holdings of *Gjertson* and *Langworthy* were ques-

tioned by Division Three of this court in *State v. Hansford,* 22 Wn. App. 725, 591 P.2d 482 (1979). That court held that the State could charge Hansford with attempted extortion pursuant to the general attempt statute even though the specific extortion statute provided that it was unlawful to attempt to obtain property by threat of force. *State v. Hansford, supra.* The *Hansford* court summarily held *Gjertson* inapplicable "because it considered the prior attempt statute which is markedly different". (Footnote omitted.) *Hansford,* at 728. We disagree with that conclusion.

*Gjertson* does rely on the specific wording of the prior attempt statute, which provided that the general attempt provision applied only to crimes not otherwise prescribed by statute. *Gjertson,* at 759. Although the present attempt statute contains no such wording, the present criminal code does provide that "[t]he provisions of this title shall apply to any offense . . . unless otherwise expressly provided . . .". RCW 9A.04.010(2). By indicating that it regards an attempt to obtain a controlled substance to be as serious an offense as obtaining a controlled substance, the Legislature has expressly provided otherwise. Thus, the general attempt statute under the present criminal code does not apply to the Uniform Controlled Substances Act.

We find support for our conclusion in the long–standing principle of statutory construction that "an interpretation which holds a statute constitutional is to be preferred over one which renders it invalid". *Woodson v. State,* 95 Wn.2d 257, 261, 623 P.2d 683 (1980). The Washington Supreme Court has consistently held that, when a general and a specific statute proscribe identical conduct under identical circumstances, the prosecutor has no discretion—he must proceed under the specific statute. *State v. Carroll,* 81 Wn.2d 95, 500 P.2d 115 (1972); *State v. Collins,* 55 Wn.2d 469, 348 P.2d 214 (1960). *See also State v. Ensminger,* 77 Wn.2d 535, 536, 463 P.2d 612 (1970); *Olsen v. Delmore,* 48 Wn.2d 545, 295 P.2d 324 (1956). Our analysis, and *Gjert-*

*son,* are consistent with this prohibition against constitutionally impermissible prosecutorial discretion.

Finally, Austin's written and oral plea of guilty indicate that she fully understood she was being charged with a completed crime. Austin recorded her written statement on a felony plea form which stated that she understood she could be sentenced to 2 years in prison. At her plea hearing, Austin asked if an attempted VUCSA carried the same penalty as a "regular" VUCSA. Her own attorney then informed her that "RCW 69.50.403 talks about attempted VUCSA and VUCSA in the same light and the same penalty." The prosecutor also informed Austin that she was subject to 2 years in prison. With this knowledge, Austin proceeded to plead guilty.

The judgment is affirmed.

WILLIAMS and SCHOLFIELD, JJ., concur.

Review granted by Supreme Court March 1, 1985.