[Nos. 11556-9-III; Division Three. November 17, 1992.]
11410-4-III.

THE STATE OF WASHINGTON, *Respondent,* v. NOEL
N. ROBY, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. TODD
LAUREL BAKER, *Appellant.*

*Paul J. Wasson,* for appellants.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Kenneth L. Ramm, Jr.,* and *Bruce Hanify, Deputies,* for respondent.

MUNSON, J. — Noel Roby and Todd Baker separately appeal their convictions of attempted possession of a controlled substance: cocaine, RCW 69.50.401(d), .407; their cases are consolidated for purposes of this opinion. Although the criminal acts underlying the convictions occurred separately, their legal contentions are identical. They contend their convictions under RCW 69.50.407, a class C felony, instead of under RCW 9A.28.020(3)(d), a gross misdemeanor, deprived them of a 75 percent reduction in their sentences, under RCW 9.94A-.310(2). They also contend there was insufficient evidence to support their convictions.

The facts are taken from the unchallenged findings of fact. On February 7, 1991, two police officers were working undercover on a street in Yakima known for drug trafficking and observed Mr. Roby walking toward them. One officer asked Mr. Roby what he wanted. Mr. Roby stated he wanted cocaine. The officer asked how much. Mr. Roby stated he

wanted $50 worth and showed a $100 bill. The officer asked again what and how much Mr. Roby wanted. Mr. Roby stated he wanted $50 of cocaine. Mr. Roby was then arrested and charged with attempted possession of a controlled substance: cocaine.

On January 12, 1991, Officer Tom Foley was working undercover as a drug runner in an area in Yakima known for its narcotics trafficking. He observed Mr. Baker try to gain entry at some apartments and asked him if he was there to buy. Mr. Baker responded he was. Officer Foley told Mr. Baker doors would only open to him (Officer Foley). Mr. Baker was denied access to another apartment where Officer Foley believed drugs were actively being sold. Officer Foley repeated to Mr. Baker the doors would only open to him. He told Mr. Baker he could hold his money until they were inside. He again asked Mr. Baker what he wanted. Mr. Baker replied "cocaine". Officer Foley asked how much. Mr. Baker replied "twenty" and showed $20. Mr. Baker was arrested and charged with attempted possession of a controlled substance: cocaine.

Both Mr. Roby and Mr. Baker waived a jury trial and were tried on these stipulated facts. Each was found guilty. After hearing argument at sentencing, the court decided RCW 69.50.407[1] was the specific statute applicable and did not conflict with RCW 9A.28.020(3)(d),[2] the general statute of attempt. Mr. Roby, with an offender score of 0 and standard range of 0 to 3 months, was sentenced to 20 days. Mr. Baker, with an offender score of 1 and standard range of 2 to 6 months, was sentenced to 2 months. Their appeals timely followed.

---

[1]RCW 69.50.407 states:

"**Conspiracy.** Any person who attempts or conspires to commit any offense defined in this chapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

[2]RCW 9A.28.020(3)(d) states: "An attempt to commit a crime is a: . . . gross misdemeanor when the crime attempted is a class C felony".

First, Mr. Roby and Mr. Baker contend RCW 69.50.407, entitled "Conspiracy", violates article 2, section 19 of the Washington State Constitution[3] by containing two subjects, conspiracy to commit and attempt to commit a crime defined in RCW 69.50.

■■ RCW 69.50.407 was originally enacted by the Laws of 1971, 1st Ex. Sess., ch. 308, entitled "AN ACT Relating to controlled substances; enacting the Uniform Controlled Substances Act; . . .". The Uniform Controlled Substances Act is a broad and comprehensive enactment. Const. art. 2, § 19 is satisfied if there is "rational unity" between the general subject of an enactment and the various subsections. *State v. Huntley*, 99 Wn.2d 27, 29, 658 P.2d 1246 (1983), and citations therein. Mr. Roby and Mr. Baker do not contest that there is a rational unity between the general subject, commission of crimes related to controlled substances and the substance of RCW 69.50.407. Instead, they contend Const. art. 2, § 19 requires rational unity between the *caption of a section* of a bill, here, "Conspiracy", and the contents of the section. Because captions may be provided or modified by the Code Reviser, they should not be afforded the same consideration as the title of a bill. *See State v. Cooley*, 53 Wn. App. 163, 166, 765 P.2d 1327 (1989); RCW 1.08.015(2). Mr. Roby and Mr. Baker cite no authority for applying the requirements of Const. art. 2, § 19 to the caption of a section of a comprehensive act. *See State v. Ryan*, 103 Wn.2d 165, 179, 691 P.2d 197 (1984); *State v. Waggoner*, 80 Wn.2d 7, 8-9, 490 P.2d 1308 (1971); *State v. Winters*, 67 Wn.2d 465, 466-67, 407 P.2d 988 (1965), *appeal dismissed*, 384 U.S. 208 (1966).

■■ Mr. Roby and Mr. Baker have failed to carry their heavy burden: First, Const. art. 2, § 19 must be liberally construed in favor of the validity of the legislation. *State Fin. Comm. v. O'Brien*, 105 Wn.2d 78, 80, 711 P.2d 993 (1986). Second, a statute is presumed constitutional. *O'Brien*, at 80. Third, to the extent Const. art. 2, § 19 requires rational

---

[3]"BILL TO CONTAIN ONE SUBJECT. No bill shall embrace more than one subject, and that shall be expressed in the title." Const. art. 2, § 19.

unity between captions of bills and their contents, RCW 69.50.407 meets the requirement. "Attempt" and "conspiracy" are reasonably related, as they are both inchoate crimes. *See* 13A R. Ferguson & S. Fine, Wash. Prac., *Criminal Law* § 701, at 89 (1990).

Although including attempt in the caption of RCW 69.50-.407 would improve the caption as an index, its exclusion does not rise to the constitutional proportions suggested here. As to any due process concerns, Mr. Roby and Mr. Baker were notified in their charging documents as to the exact aspect of RCW 69.50.407 with which they were charged. RCW 69.50.407 does not violate Const. art. 2, § 19, nor, as applied, does it violate due process.

Next, Mr. Roby and Mr. Baker contend the evidence shows at most an intent to possess cocaine and, relying on *State v. Stewart*, 35 Wn. App. 552, 555, 667 P.2d 1139 (1983) and RCW 9A.28.020(1),[4] proof of a substantial step toward committing the crime is required to support an attempt conviction.

■ RCW 69.50 does not define the term "attempt". When a statute fails to define a term, the term is presumed to have its common law meaning and the Legislature is presumed to know the prior judicial use of the term. *In re Marriage of Gimlett*, 95 Wn.2d 699, 701-02, 629 P.2d 450 (1981), and citations therein. RCW 69.50.407 was enacted in 1971, prior to the 1975 enactment of RCW 9A.28.020.

■ In 1971, the necessary elements of "attempt to commit a crime" were criminal intent and an overt act. *State v. Nicholson*, 77 Wn.2d 415, 420, 463 P.2d 633 (1969). The ordinary meaning of "intent" is the mental step of planning to achieve a goal. *State v. Negrin*, 37 Wn. App. 516, 520, 681 P.2d 1287, *review denied*, 102 Wn.2d 1002 (1984). An overt act was understood to mean a "direct, ineffectual act done toward commission of a crime and, where the design of a

---

[4]RCW 9A.28.020(1) provides: "A person is guilty of an attempt to commit crime if, with intent to commit a specific crime, he does any act which is a substantial step toward the commission of that crime."

person to commit a crime is clearly shown, slight acts done in furtherance of this design will constitute an attempt." *Nicholson*, at 420.

█ In reviewing the sufficiency of the evidence, the appellate court views the evidence and all reasonable inferences in a light most favorable to the State to determine whether the record supports a finding of guilt beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 220-21, 616 P.2d 628 (1980).

█ The facts previously noted are sufficient to support finding that Mr. Roby and Mr. Baker had a criminal intent to possess a controlled substance and an overt act toward the actual possession of a controlled substance. The fact that drugs were not actually available at the time of the act is not, contrary to the contentions of Mr. Roby and Mr. Baker, a defense. "Factual impossibility" is not a defense to an attempted crime. *State v. Gosser*, 33 Wn. App. 428, 656 P.2d 514 (1982); RCW 9A.28.020(2).

Next, Mr. Roby and Mr. Baker contend the trial court should have applied the "rule of lenity" to their sentences because of uncertainty over which of the two attempt statutes applies. If RCW 9A.28.040 applied, RCW 9.94A.310(2) would also apply, resulting in a 75 percent reduction in their sentences.

█ If the court is unable to discern which of two statutes applies to the facts, the rule of lenity requires the adoption of the interpretation most favorable to the defendant. *State v. Henderson*, 48 Wn. App. 543, 553, 740 P.2d 329, *review denied*, 109 Wn.2d 1008 (1987). RCW 9.94A.310(2) applies only to crimes charged under RCW 9A.28. RCW 69.50.407 is the specific statute relating to attempts to commit drug-related crimes, and precludes charging such crimes under RCW 9A.28.040, the general attempt statute. *See State v. Mendoza*, 63 Wn. App. 373, 819 P.2d 387 (1991), *motion for discretionary review denied*, Supreme Court cause 58860-1 (Mar. 31, 1992). The Washington Supreme Court "has consistently held that, when a general and a specific statute

proscribe identical conduct under identical circumstances, the prosecutor has no discretion — he must proceed under the specific statute." *State v. Austin*, 39 Wn. App. 109, 112, 692 P.2d 206 (1984) (RCW 69.50.403, the specific attempt statute, controls over the general attempt statute, RCW 9A.28.020), *aff'd*, 105 Wn.2d 511, 716 P.2d 875 (1986); *see also State v. Casarez-Gastelum*, 48 Wn. App. 112, 118, 738 P.2d 303 (1987) (RCW 69.50.407 is a specific statute relating to conspiracies involving controlled substances).

■ Because there are no sentencing instructions in RCW 69.50 such as those included in RCW 9.94A.310(2), the Legislature must have intended to apply the standard range sentencing structure to RCW 69.50.407. *See Mendoza*, at 377-78. Mr. Roby and Mr. Baker were properly charged and convicted under RCW 69.50.407 and not the general attempt statute. Because there is no ambiguity as to which statute applies, the rule of lenity is inapplicable.

■ Finally, Mr. Roby and Mr. Baker raise an equal protection issue, without argument or citation. This court is not required to consider it on appeal. *See* RAP 10.3(a)(5); *Howell v. Spokane & Inland Empire Blood Bank*, 114 Wn.2d 42, 46, 785 P.2d 815 (1990).

Affirmed.

SHIELDS, C.J., and SWEENEY, J., concur.