# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70951-8-I |
| | ) | (Consolidated with |
| Respondent, | ) | No. 70952-6-I) |
| | ) | |
| v. | ) | DIVISION ONE |
| | ) | |
| JAMES EARL TUCKER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: November 24, 2014 |
| | ) | |

APPELWICK, J. — Tucker was convicted of attempted delivery of a controlled substance. He argues that his offense was unranked and thus the trial court erred in sentencing him to an excess of 12 months in confinement. We remand for resentencing.

## DISCUSSION

Tucker was charged with two counts of attempted delivery of a controlled substance "[c]ontrary to RCW 9A.28.020 and RCW 69.50.401(1), (2)(a)." He was convicted as charged and sentenced to two concurrent sentences of 60 months in confinement. He appeals.

Tucker argues that the trial court exceeded its statutory authority in sentencing him to 60 months in confinement. This is so, he asserts, because he was convicted of an unranked felony under chapter 69.50 RCW and therefore cannot be sentenced to more than 12 months in confinement. The State contends that Tucker was properly sentenced, because he was found guilty of attempted delivery of cocaine under RCW 9A.28.020, the general attempt statute, and RCW 69.50.401, which prohibits delivery of a controlled substance.

A trial court may impose only a sentence that is authorized by statute. State v. Bennett, 139 Wn.2d 462, 464, 987 P.2d 626 (1999). We review de novo whether a trial

court exceeded its statutory authority under the Sentencing Reform Act of 1981, chapter 9.94A RCW. State v. Murray, 118 Wn. App. 518, 521, 77 P.3d 1188 (2003).

Chapter 9A.28 RCW criminalizes three anticipatory offenses: attempt, solicitation, and conspiracy. In re Pers. Restraint of Bowman, 109 Wn. App. 869, 873, 38 P.3d 1017 (2001). For persons convicted of an anticipatory offense under this chapter, the presumptive sentence is 75 percent of the range for the completed offense. RCW 9.94A.595; State v. Chavez, 163 Wn.2d 262, 271 n.8, 180 P.3d 1250 (2008).

Chapter 69.50 RCW has its own anticipatory offense provision, which prohibits attempt or conspiracy to violate the Uniform Controlled Substances Act. RCW 69.50.407. Anticipatory offenses charged under chapter 69.50 RCW do not have a seriousness level and are therefore unranked. State v. Mendoza, 63 Wn. App. 373, 378, 819 P.2d 387 (1991). The standard range sentence for an unranked felony cannot exceed 12 months confinement. RCW 9.94A.505(2)(b); State v. Steen, 155 Wn. App. 243, 249, 228 P.3d 1285 (2010).

Washington courts have "consistently and specifically distinguished between anticipatory offenses expressly included within [chapter] 69.50 [RCW] as opposed to those generally falling within [chapter] 9A.28 [RCW]." In re Pers. Restraint of Hopkins, 137 Wn.2d 897, 902, 976 P.2d 616 (1999). "'[W]hen a general and specific statute proscribe identical conduct under identical circumstances, the prosecutor has no discretion—he must proceed under the specific statute.'" State v. Roby, 67 Wn. App. 741, 747-48, 840 P.2d 218 (1992) (quoting State v. Austin, 39 Wn. App. 109, 112, 692 P.2d 206 (1984), aff'd, 105 Wn.2d 511, 716 P.2d 875 (1986)).

2

RCW 69.50.407 is the specific statute relating to attempts to commit drug related crimes. Id. at 747. Thus, when applicable, the State must charge a defendant under chapter 69.50 RCW to the exclusion of chapter 9A.28 RCW. State v. Casarez-Gastelum, 48 Wn. App. 112, 118, 738 P.2d 303 (1987); State v. Hawthorne, 48 Wn. App. 23, 27, 737 P.2d 717 (1987).

Tucker was charged and convicted under both chapter 9A.28 RCW and chapter 69.50 RCW. This was improper. Tucker was convicted of an unranked felony under chapter 69.50 RCW. We remand for resentencing consistent with RCW 9.94A.505(2)(b).

_Appelwick, J._

WE CONCUR:

_____          _____