15 P.3d 1047 (2001)
104 Wash.App. 98
STATE of Washington, Appellant,
v.
Todd Earl BRIDGES, Respondent.
No. 19039-1-III.
Court of Appeals of Washington, Division 3, Panel Seven.
January 4, 2001.
As Amended January 16, 2001.
*1048 Kevin M. Korsmo, Deputy Prosecuting Attorney, Spokane, for Appellant.
*1049 Janet G. Gemberling, Spokane, for Respondent.
KATO, J.
The State of Washington appeals an exceptional sentence below the standard range for Todd Earl Bridges, who pleaded guilty to two counts of delivery of a controlled substance. The State contends the facts do not justify the length of the sentence. We agree and remand for resentencing.
After a series of controlled buys of crack cocaine, Mr. Bridges was charged with four counts of delivery of a controlled substance and one count of possession of a controlled substance with intent to deliver. Mr. Bridges, who was 17½ years old, had declined juvenile court jurisdiction in an unrelated case and was charged in this case as an adult. He agreed to plead guilty to two counts of delivery of a controlled substance. The two convictions were based on exchanges that occurred on July 7 and 13, 1999. In each incident, a confidential police informant telephoned Mr. Bridges and arranged a sale of crack cocaine for $50.
As part of the plea arrangement, the State agreed to recommend a minimum standard-range sentence of 67 months.[1] The agreement permitted Mr. Bridges to ask the court for an exceptional sentence below the standard range.
In support of his request for an exceptional sentence, Mr. Bridges presented a psychological evaluation stating he suffers from alcohol and cannabis abuse, depressive disorder, and mixed personality disorder. The evaluation stated Mr. Bridges could be rehabilitated with appropriate treatment, including substance abuse treatment and psychotherapeutic help.
The court agreed to order an exceptional sentence. It found that, given Mr. Bridges' youth and immaturity, rehabilitation services through the Youthful Offender Unit at the Shelton corrections facility would be more appropriate than an adult program under the Drug Offender Sentencing Alternative. The court concluded:
This court believes that mitigating factors exist in this case.... This court finds that the presumptive sentence is excessive given Mr. Bridges['] age, the police involvement, and Mr. Bridges['] mental health and drug treatment needs. Further, this court finds that circumstances presented in this case are similar but not necessarily identical to the circumstances set forth in State v. Sanchez, 69 Wash.App. 255, 848 P.2d 208 (1993). In that case, the trial court found that the police had initiated controlled buys that involved the same buyer and seller and that those buys occurred over a short period of time. That finding was upheld as a valid basis for an exceptional sentence by Division II of the Court of Appeals. The court reasoned that the difference between the first buy and the following buys were trivial or trifling. See also State v. Finch [sic], 78 Wn.App. 596 [sic] [897 P.2d 424] (1995) Division III.
The court sentenced Mr. Bridges to 24 months of incarceration and 24 months of community supervision, including drug, alcohol, and mental health counseling. The State appeals the exceptional sentence.
Under RCW 9.94A.210(4), there are three potential issues on review of an exceptional sentence. First, a party may challenge the factual basis of the court's reasons for imposing the sentence, under the "clearly erroneous" standard of review; second, a party may contest the legal justification of the court's reasons, which are reviewed as a "matter of law"; and third, a party may challenge the sentence as clearly too excessive or too lenient, which is reviewed under the "abuse of discretion" standard. State v. Branch, 129 Wash.2d 635, 645-46, 919 P.2d 1228 (1996); State v. Johnson, 124 Wash.2d 57, 65-66, 873 P.2d 514 (1994); State v. Allert, 117 Wash.2d 156, 163, 815 P.2d 752 (1991).
The sentencing court's reasons for ordering an exceptional sentence must be substantial and compelling. Allert, 117 Wash.2d at 164, 815 P.2d 752. An exceptional *1050 sentence is justified only when the circumstances of the crime distinguish it from other crimes of the same category. State v. Pennington, 112 Wash.2d 606, 610, 772 P.2d 1009 (1989). The State first contends here that one of the court's reasons for the exceptional sentence, Mr. Bridges' need for rehabilitation, is not a valid reason as a matter of law. See Allert, 117 Wash.2d at 164, 815 P.2d 752; Pennington, 112 Wash.2d at 611, 772 P.2d 1009.
However, it is apparent that Mr. Bridges' need for rehabilitative services was not the court's basis for ordering the exceptional sentence. Rather, the court relied primarily on the principle first articulated by a Division Two panel of this court in State v. Sanchez, 69 Wash.App. 255, 848 P.2d 208, review denied, 122 Wash.2d 1007, 859 P.2d 604 (1993). In Sanchez, the defendant had sold cocaine to a police informant three times and was charged with three counts of delivery. Id. at 256-57, 848 P.2d 208. The sentencing court ordered an exceptional sentence below the standard range, based in part on its findings that the "offenses involved small amounts of cocaine delivered to the same person over a short period of time, and that the police were in `control' of the number of offenses, in the sense that they initiated all three controlled buys." Id. at 260, 848 P.2d 208.
On appeal, the court noted that the issue was whether the multiple offense policy of RCW 9.94A.400[2] resulted in a sentence that was "clearly excessive," a valid mitigating factor under RCW 9.94A.390(1)(g). Sanchez, 69 Wash.App. at 260, 848 P.2d 208. The court held the sentence may be clearly excessive if the effects of subsequent crimes were "nonexistent, trivial or trifling." Id. at 261, 848 P.2d 208. The court reasoned:
In analyzing RCW 9.94A.390(1)(g), however, we do not focus on the effects of the first buy; those effects would have occurred even if the first buy had been the sole offense, and even if the multiple offense policy had been totally inapplicable. Instead, we focus on the difference between (a) the effects of the first buy alone and (b) the cumulative effects of all three buys. It is this difference, if any, that the multiple offense policy is designed to take into account. If it can be shown that this difference is nonexistent, trivial or trifling, the multiple offense policy should not operate; rather, the sentencing judge should be permitted to give an exceptional sentence downward on grounds that the "operation of the multiple offense policy ... results in a presumptive sentence that is clearly excessive." RCW 9.94A.390(1)(g).
In this case, the difference between the first buy, viewed alone, and all three buys, viewed cumulatively, was trivial or trifling. All three buys were initiated and controlled by the police. All three involved the same buyer, the same seller, and no one else. All three occurred inside a residence within a 9-day span of time. All three involved small amounts of drugs. The second and third buys had no apparent purpose other than to increase Sanchez's presumptive sentence. We conclude, as the sentencing court apparently did, that the second and third buys added little or nothing to the first.
Because the difference between the first buy and all three buys was trivial or trifling, the sentencing judge was permitted to use RCW 9.94A.390(1)(g) in order to reconcile (1) the absence of additional effects from the second and third buys with (2) the multiple offense policy of RCW 9.94A.400(1)(a). Thus, the sentencing judge did not err when he imposed a sentence greater than the standard range for one delivery, but less than the standard range for three deliveries.
Sanchez, 69 Wash.App. at 261-62, 848 P.2d 208. This reasoning has been adopted in the other two divisions of this court. See State v. Fitch, 78 Wash.App. 546, 897 P.2d 424 (1995); State v. Hortman, 76 Wash.App. 454, 886 P.2d 234 (1994), review denied, 126 Wash.2d 1025, 896 P.2d 64 (1995).
The Sanchez reasoning also applies to the facts of this case. The two deliveries were initiated and controlled by the police, *1051 involved the same buyer and seller, and occurred within less than a week of each other. Both deliveries involved small amounts of drugs.[3] The State has not identified any purpose for the second purchase, other than to increase the presumptive sentence. The court's reason for imposing the exceptional sentence is legally valid.
However, essentially arguing the sentence is "clearly too lenient," the State contends the Sanchez reasoning supports an exceptional sentence only if the sentence imposed is at least as great as the standard range for a single offense. The State is correct. In Sanchez, for example, the sentence imposed was greater than the presumptive sentence for a single delivery. Sanchez, 69 Wash.App. at 261, 848 P.2d 208; see Fitch, 78 Wash.App. at 554, 897 P.2d 424 (sentence at minimum of standard range for single offense); Hortman, 76 Wash.App. at 458, 886 P.2d 234 (sentence at high end of standard range for single offense). The distorting effect of the multiple offense policy does not justify a sentence below the standard range for a single offense.
Here, the second delivery conviction added 3 points to Mr. Bridges' offender score. RCW 9.94A.360(12). Subtracting these 3 points from Mr. Bridges' offender score of 6, his offender score would have been 3 if he had been convicted of only a single count of delivery. The presumptive range for a Level VIII offense and an offender score of 3 is 36 to 48 months. RCW 9.94A.310. The court's sentence of 24 months thus would have been an exceptional sentence even if Mr. Bridges had been convicted of only a single count of delivery. But aside from the Sanchez principle, the court articulated no other valid mitigating factor to support an exceptional sentence below the standard range for one offense. The sentence is clearly too lenient and an abuse of the sentencing court's discretion. The sentence is reversed and the case is remanded for resentencing within the standard range for a single offense.
KURTZ, C.J., and SCHULTHEIS, J., concur.
NOTES
[1] Mr. Bridges' offender score was 6. The convictions are Level VIII offenses. The resulting standard range for each conviction was 67 to 89 months.
[2] The statute provides generally that other "current offenses" are treated as prior convictions in determining the defendant's offender score. RCW 9.94A.400(1)(a).
[3] The State challenges the court's finding that the sales involved "small amounts" of cocaine, contending the record does not reveal the actual amounts involved. However, the State's affidavit of facts supporting its information shows that each of the purchases was for $50. These amounts are smaller than the amounts in Sanchez, in which there were sales for $80, $150, and $140. The court's finding here is not clearly erroneous.