[No. 19109-5-III.   Division Three.   February 20, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSE FERNANDO SANCHEZ, *Appellant*.

*Suzanne L. Elliott*, for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *Lauri M. Boyd, Deputy*, for respondent.

SWEENEY, J. — Jose Sanchez sold cocaine to an undercover police officer in the parking lot of a tavern. The sale occurred within 1,000 feet of an unmarked school bus stop. The court convicted Mr. Sanchez of delivery of a controlled substance and imposed a sentencing enhancement based on the proximity to the bus stop. He appeals the sentencing enhancement on two grounds. First, he argues the bus stop was not properly designated by the school district because it was designated by a representative rather than the school board. We conclude that the representative could make the designation. Second, he claims there was no objective method of determining the location of the bus stop. But Mr. Sanchez frequented the area where the schoolchildren gathered at the stop and, of course, the locations are available from the school district. He had then ample opportunity to know or to learn of the location. We therefore affirm his conviction.

## FACTS

The underlying facts are not disputed. Jose Sanchez sold $20 worth of cocaine to an undercover police officer. The sale occurred in the parking lot of a tavern. Mr. Sanchez was charged with delivery of cocaine.

The sale occurred within 1,000 feet of a school bus stop. So the State sought to enhance his sentence.

The court found him guilty following a bench trial. Mr. Sanchez received a standard sentence with the school zone enhancement. Mr. Sanchez appeals the enhancement.

## ANALYSIS

DESIGNATION OF THE SCHOOL BUS STOPS.

A defendant convicted of delivering a controlled substance within 1,000 feet of a "school bus route stop designated by the school district" is subject to a sentencing enhancement. RCW 69.50.435(a)(3). Mr. Sanchez claims the school bus stops were not properly designated by the school district because a school district employee made the

designation, not the school board itself. He argues that a school bus stop is not properly designated unless the school board itself takes official action to do so.

Donald Jensen testified he was the transportation supervisor for the school district. He assigned bus stops. The court concluded Mr. Jensen was the school district's agent and had, therefore, the authority to act on behalf of the school district. We agree.

■ First, nothing in the sentencing enhancement statute requires the school board specifically to designate school bus stops. RCW 69.50.435. Second, school districts have "all the usual powers of a public corporation." RCW 28A.320.010. A public corporation acts only through its agents. *Mauch v. Kissling*, 56 Wn. App. 312, 316, 783 P.2d 601 (1989). And school districts hire employees who act as agents. *See* RCW 23B.03.020(2)(*l*); *Arnim v. Shoreline Sch. Dist. No. 412*, 23 Wn. App. 150, 156, 594 P.2d 1380 (1979) (school board has authority to employ agents to assist in making hiring decisions).

School districts must be allowed to delegate authority to agents in order to operate the schools on a day-to-day basis. The school district's transportation supervisor legally acted as the school district's agent when he designated the school bus stops in question.

READILY ASCERTAINABLE MEANS TO DISCOVER THE SCHOOL BUS STOPS.

Mr. Sanchez argues there was no readily ascertainable way to determine where the school bus stops were.

■ But the defendant's actual knowledge of protected zones is irrelevant. *State v. Becker*, 132 Wn.2d 54, 63, 935 P.2d 1321 (1997); *State v. Coria*, 120 Wn.2d 156, 166-67, 839 P.2d 890 (1992). The location of unmarked school bus stops is available through means such as "observing the gathering of schoolchildren waiting for their school buses, or contacting local schools or the director of transportation for the school district." *Coria*, 120 Wn.2d at 167; *see State v. Davis*, 93 Wn. App. 648, 653, 970 P.2d 336, *review denied*, 137 Wn.2d 1037 (1999).

The school bus stop here had been active for at least a year before Mr. Sanchez's arrest. He testified that he had lived in the area for 30 years. He also regularly frequented the tavern where he sold the drugs. Mr. Sanchez therefore could have noticed the nearby school bus stop by the schoolchildren using it or contacted the school district. *See Davis*, 93 Wn. App. at 653.

Mr. Sanchez also complains that Mr. Jensen did not send a map indicating the school bus stops to the appropriate agency in Olympia. Mr. Jensen sent either a map or a GPS (Global Positioning System) indication. He could not remember which. Whether it was a map or the GPS is irrelevant. A digital indication of the location is sufficient. *State v. Nunez-Martinez*, 90 Wn. App. 250, 256, 951 P.2d 823 (1998) (holding a computer disk listing the longitude and latitude of each bus stop was a map for purposes of RCW 69.50.435(f)(3)).

Mr. Sanchez argues his case is factually similar to *Becker*. There, the court held there was no objective method to determine that a GED (General Education Development) program was located in a commercial building in downtown Seattle. *Becker*, 132 Wn.2d at 63. The court noted there were no signs indicating the school was in the building and school district records did not list it as a school. *Id*.

Mr. Sanchez is not the first defendant to attempt to apply *Becker* to an unmarked school bus stop. This court rejected the same argument in *Davis*.[1] Here, Mr. Sanchez could have seen schoolchildren using the school bus stop. Or he could have called the school district. Mr. Becker could do neither. *Davis*, 93 Wn. App. at 653 and n.3. Mr. Sanchez had objective means at his disposal to determine the location of the school bus stop.

Affirmed.

BROWN, A.C.J., and KATO, J., concur.

---

[1] 93 Wn. App. at 653 & n.3.