IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 32046-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TROY R. HOLWAY, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — A jury found Troy Holway guilty of three counts of delivery of a controlled substance—heroin, each with a school zone sentence enhancement. Mr. Holway contends that the State failed to present a witness qualified to testify to the location of the school bus zone to support the exceptional sentence enhancements on counts two and three. He also contends that the trial court relied on an impermissible basis when it declined to impose an exceptional sentence below the standard range. He maintains that the court considered the absence of mitigating factors when denying the request and that these factors were inappropriate for sentencing. Finding no error, we affirm.

FACTS

In three undercover narcotics transactions, Mr. Holway sold heroin to an informant working for Detective Alan Quist. In the first transaction on October 12, 2011, Mr. Holway sold the informant 0.9 grams of heroin for $70 at the McDonalds on Third Avenue in Spokane. In the second transaction on October 14 and the third transaction on October 19, Mr. Holway sold the informant 1.0 grams and 0.7 grams respectively, each for $70. These latter two transactions occurred at the Zip Trip on Sinto and Division. After each transaction, the informant gave the heroin to Detective Quist.

The State charged Mr. Holway with three counts of delivery of a controlled substance—heroin, with enhancements for each count for delivery of a controlled substance within 1,000 feet of a protected zone.

A jury trial was held. In addition to testimony regarding the drug transactions, two witnesses provided evidence relating to the sentence enhancements. Joel Edgar, a Spokane County geographic informations systems technician provided a map showing the area within 1,000 feet of the Third Avenue location, with stars representing the bus stop locations. Mr. Edgar provided a similar map showing the area within 1,000 feet of Sinto and Division, with stars representing the bus stop locations.

Rhonda McLellan, a transportation liaison in charge of regular education routing for Spokane School District 81, explained that the stars on Mr. Edgar's maps were bus stops for elementary schools and possibly a middle school. She also identified the location of Lewis and Clark High School near Third Avenue.

The jury found Mr. Holway guilty of three counts of delivery of a controlled substance—heroin. The jury was given a special verdict form asking whether Mr. Holway delivered the controlled substance within 1,000 feet of a school bus route stop designated by a school district or within 1,000 feet of the perimeter of a school ground. The jury answered "yes" to the enhancement for all three counts. Clerk's Papers (CP) at 29.

For sentencing, Mr. Holway's past and current offenses resulted in an offender score of 7 and a standard sentencing range of 60 to 120 months. Defense counsel asked the court to find that Mr. Holway's presumptive sentence would be clearly excessive under the multiple offense policy and to impose a lesser range sentence. He relied on *State v. Sanchez*, 69 Wn. App. 255, 260, 848 P.2d 208 (1993) where the sentencing court found that the multiple offense policy resulted in a sentence that was clearly excessive when the convictions involved multiple deliveries of a small amount of the same substance to the same person under control of the police. Mr. Holway argued that if he

3

was convicted of only one delivery charge, his offender score would be 5 with a standard sentence of 20 to 60 months.

In response, the State contended that the exceptional sentence requested by Mr. Holway was too lenient. The State highlighted Mr. Holway's extensive criminal history. The State pointed out Mr. Holway's most recent prior convictions were a few years earlier for three counts of delivery of a controlled substance—heroin. And, within two and one-half months after serving a prison drug offender sentencing alternative sentence for these crimes, Mr. Holway was arrested for the current offenses involving the same controlled substance. The State argued that *Sanchez* was distinguishable from Mr. Holway's situation because the defendant in *Sanchez* had no prior criminal record, the defendant was functionally illiterate, the sentence for delivery was subject to a multiplier based on sentencing statutes that have now been repealed, and the State in *Sanchez* did not argue that the exceptional sentence was too lenient. The State maintained that none of these factors were present in Mr. Holway's case.

The court agreed with the State and chose not to impose an exceptional sentence downward. The court held, "I think there is a distinction to be made between the circumstances presented in Mr. Holway's case compared to those presented in Mr. Sanchez's case, and indeed it appears that Mr. Sanchez had many mitigating factors

4

present to be advanced in favor of his request for an exceptional sentence that are absent here in Mr. Holway's case. . . . I believe that the court is constrained under these combined factors that are present in Mr. Holway's case to respectfully deny the request for an exceptional sentence downward." Report of Proceedings (RP) at 186-87. The court found that a sentence at the low end of the sentencing range was appropriate and sentenced Mr. Holway to 60 months and one day for the three counts of delivery, plus another 72 months for the school zone enhancements. In total, Mr. Holway was sentenced to 132 months.

Mr. Holway appeals. He contends that the school zone enhancements for counts two and three are not supported by sufficient evidence. He also contends that the trial court abused its discretion when it declined to impose a mitigating sentence.

## ANALYSIS

*Whether there was sufficient admissible evidence to support the sentence enhancements on counts two and three*

Mr. Holway contends that the State failed to prove that the school district designated the school bus route stops located within 1,000 feet of the delivery location for counts two and three. He maintains that the State did not produce evidence that Ms. McLellan had the authority to designate school bus stops as mandated by RCW 69.50.435.

5

In every criminal prosecution, due process requires that the State prove, beyond a reasonable doubt, every fact necessary to constitute the charged crime. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). When a defendant challenges the sufficiency of the evidence, the proper inquiry is "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *Id.* The appellant admits the truth of the State's evidence and all inferences that can reasonably be drawn from it, giving equal weight to circumstantial and direct evidence. *State v. Hermann*, 138 Wn. App. 596, 602, 158 P.3d 96 (2007). We defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and persuasiveness of the evidence. *State v. Killingsworth*, 166 Wn. App. 283, 287, 269 P.3d 1064, *review denied*, 174 Wn.2d 1007, 278 P.3d 1112 (2012).

Under RCW 69.50.435(1)(c), a defendant convicted of delivery of a controlled substance within 1,000 feet of a school bus route stop is subject to a sentencing enhancement. The statute defines a "school bus route stop" as "a school bus stop as designated by a school district." RCW 69.50.435(6)(c). A school district may delegate

6

authority to its agents or employees to designate school bus stop locations, and such an agent's testimony that he or she has designated certain school bus stops is sufficient as to the location of those bus stops. *See State v. Sanchez*, 104 Wn. App. 976, 978-79, 17 P.3d 1275 (2001).

The State produced sufficient evidence to establish school bus stops within 1,000 feet of delivery for counts two and three. Ms. McLellan acted as the school district's agent when designating the bus stops in question. Ms. McLellan identified herself as the Spokane School District 81 transportation liaison in charge of regular education routing. She testified that she was called to identify any bus stops that District 81 had within a certain distance of an address on Division Street and that the bus stops were within one block of the address. Ms. McLellan located these bus stops on a map introduced by the State. Mr. Holway did not object to Ms. McLellan's testimony or the introduction of the map. Based on the evidence presented, a rational trier of fact could have found beyond a reasonable doubt that Mr. Holway delivered a controlled substance within 1,000 feet of a school bus route stop.

*Whether the trial court abused its discretion when it declined to impose an exceptional sentence downward*

Mr. Holway contends that the court should have reduced his standard range sentence and erred when it distinguished *Sanchez*.

7

Generally, a party cannot appeal a trial court's refusal to impose an exceptional sentence which necessarily results in a standard range sentence. *State v. Friederich-Tibbets*, 123 Wn.2d 250, 252, 866 P.2d 1257 (1994). However, a party may "challenge the underlying legal conclusions and determinations by which a court comes to apply a particular sentencing provision." *State v. Williams*, 149 Wn.2d 143, 147, 65 P.3d 1214 (2003). A standard range sentence can be challenged on the basis that the court refused to exercise discretion or relied upon an improper basis for declining to consider an exceptional sentence request. *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997). Under such circumstances, it is the trial court's refusal to exercise discretion that is appealable, not the sentence. *Id.*

A court refuses to exercise its discretion if it refuses categorically to impose an exceptional sentence below the standard range under any circumstances. *Id.* A court relies on an impermissible basis when declining to impose an exceptional sentence below the standard range if, for example, it takes the position that no drug dealer should get an exceptional sentence down or it refuses to consider the request because of the defendant's race, sex, or religion. *Id.*

The Sentencing Reform Act of 1981, chapter 9.94A RCW, and applicable case law limit the trial court's discretionary authority on sentencing matters. A trial court has the

8

discretion to impose a sentence outside of the standard sentencing range if it finds a substantial and compelling reason to do so. RCW 9.94A.535. The trial court exercises its discretion in sentencing by considering the nonexclusive list of mitigating factors in RCW 9.94A.535(1). As part of this list, a trial court has the authority to impose an exceptional sentence downward under RCW 9.94A.535(1)(g) if the multiple offense policy of RCW 9.94A.589 results in a presumptive sentence that is clearly excessive in light of the purpose of the Sentencing Reform Act.

Under the multiple offense policy of RCW 9.94A.589(1)(a),[1] when a defendant is convicted of multiple current offenses, the offender score for each offense is calculated by scoring the other current offenses as if they were prior criminal history. As a result, the accumulated offender points for all current offenses increase the standard range sentence. A sentencing court is permitted to find that the standard range sentence is clearly excessive under the multiple offense policy if there is no meaningful difference between the effects of the first current criminal act and the cumulative effects of the subsequent acts. *Sanchez*, 69 Wn. App. at 261.

---

[1] RCW 9.94A.589(1)(a) prescribes that sentences for multiple current offenses are served concurrently. The other current offenses count as prior convictions for the purpose of the offender score, unless the court finds that two or more crimes required the same criminal intent, were committed at the same time and place, and involved the same victim. Those offenses encompass the same criminal conduct and count as one crime.

A sentence resulting from multiple convictions for repeat deliveries of a controlled substance may be clearly excessive if the drug buys were initiated and controlled by investigators; involved the same substance, the same buyer and same seller; occurred inside a residence; and involved a small amount of drugs. *Sanchez*, 69 Wn. App. at 261. A sentencing court does not abuse its discretion by choosing not to apply *Sanchez*. *See State v. McCollum*, 88 Wn. App. 977, 986, 947 P.2d 1235 (1997).

In *Sanchez*, the trial court ordered an exceptional sentence downward after Mr. Sanchez was convicted of three counts of delivery of cocaine. *Sanchez*, 69 Wn. App. at 257-58. The convictions were a result of three "controlled buys" involving law enforcement, the same buyer, and a small amount of drugs, all which occurred within a nine-day span. *Id.* at 256-57. Mr. Sanchez had no prior criminal history, but his three current convictions were subject to a statutory multiplier, resulting in an offender score of 6. *Id.* at 257. In support of the sentence outside the standard range, the trial court found that (1) Mr. Sanchez had limited education, (2) the deliveries involved small amounts of cocaine delivered to the same person over a brief time, and (3) the police had control over the deliveries. *Id.* at 259-60. The appellate court upheld the mitigated sentence for Mr. Sanchez based on the trial court's second and third findings, while invalidating the first finding. *Id.* at 261-63. "Because the difference between the first buy and all three buys

10

was trivial or trifling, the sentencing judge was permitted to use RCW 9.94A.390(1)(g) in order to reconcile (1) the absence of additional effects from the second and third buys with (2) the multiple use policy of RCW 9.94A.400(1)(a). Thus, the sentencing judge did not err when he imposed a sentence greater than the standard range for one delivery, but less than the standard range for three deliveries." *Id.* at 262.[2]

Here, the sentencing court exercised its discretion and considered Mr. Holway's request for an exceptional sentence. From the record, it is clear that the court understood its options and determined that an exceptional sentence downward was permissible but, in this case, was not appropriate. This is an appropriate exercise of sentencing discretion.

Likewise, the court did not rely on improper reasons when declining to impose the exceptional sentence. Mr. Holway is correct when he argues that his criminal history, his experience in dealing drugs, and the actions of the police are not acceptable reasons to impose an exceptional sentence.[3] But, the court did not use these reasons to impose a

---

[2] RCW 9.94A.390(1)(g) was recodified as RCW 9.94A.535(1)(g) by LAWS OF 2001, ch. 10, § 6. RCW 9.94A.400(1)(a) was recodified as RCW 9.94A.589(1)(a) by LAWS OF 2001, ch. 10, § 6.

[3] *See Sanchez*, 69 Wn. App. at 259-60 (holding that limited education alone is not a substantial and compelling reason for an exceptional sentence); *State v. Freitag*, 127 Wn.2d 141, 144, 896 P.2d 1254 (1995) (holding that lack of criminal history is an insufficient ground for sentencing below the standard range); *State v. Fitch*, 78 Wn. App. 546, 552, 897 P.2d 424 (1995) (rejecting imposition of an exceptional sentence as a sanction for police practices).

11

sentence outside the standard range. Instead, the court found these reasons sufficient to keep the sentence within the standard range. Distinguishing *Sanchez* based on these factors did not make the trial court's decision improper. The fact that a court exercised its discretion in *Sanchez* to adjust the sentence downward does not imply that the sentencing court here abused its discretion. *See McCollum*, 88 Wn. App. at 986. The court considered the facts in Mr. Holway's situation and found that his sentence, while substantial, was appropriate.

Mr. Holway is not entitled to a sentence outside of the standard range simply because his case involved multiple conditions for delivery of small amounts of the same substance to the same police informant that occur within a relatively short time frame. The multiple offense mitigating factor in RCW 9.94A.535(1)(g) does not require a trial court to impose an exceptional sentence. The statute simply provides a basis for the sentencing court to depart from the standard range if it finds there is no meaningful difference between the effects of the first current criminal act and the cumulative effects of the subsequent acts, making the standard range sentence clearly excessive. Here, after considering the facts of the case, the court made no such finding. The trial court did not find a substantial and compelling reason to impose an exceptional sentence based on

No. 32046-4-III
*State v. Holway*

*Sanchez* and RCW 9.94A.535(1)(g). The sentencing court properly exercised its discretion in refusing Mr. Holway's request for an exceptional sentence downward.

Affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Korsmo, J.                                    Fearing, J.

13