[No. 13152-1-III.    Division Three.    December 8, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. JEFFREY RYAN GRUNDY, *Appellant*.

*Thomas Bothwell* and *Prediletto, Halpin, Scharnikow*, for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *Bruce Hanify, Deputy*, for respondent.

MUNSON, J. — Jeffrey Grundy appeals his conviction for attempted possession of a controlled substance, cocaine. He contends the evidence was insufficient to support the "overt act" element of an attempt. We agree, reverse and dismiss.

Officer Gary Garza was posing as a drug runner in an alley. He saw Mr. Grundy leave a nearby apartment complex. Officer Garza approached Mr. Grundy and asked him what he wanted. Mr. Grundy stated "he wanted 20". The following dialog ensued:

I said, "20 what?"
He said, "20 of coke."
Uh — I then said, "You have the money?"
He said, "Yeah, I have the money."
Then I asked him, "Let me see it."
And he said that he wanted to see the stuff first.
And then he was placed under arrest.

Mr. Grundy was charged with attempted possession of cocaine. He contended his conduct constituted mere solicitation,[1] but he was found guilty of attempted possession and sentenced to perform 80 hours of community service.

---

[1]RCW 9A.28.030(1) states:

"A person is guilty of criminal solicitation when, with intent to promote or facilitate the commission of a crime, he offers to give or gives money or other

■■ Mr. Grundy contends the evidence was insufficient to support conviction for attempted possession. Evidence is sufficient to support a crime if any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the elements of the crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 616 P.2d 628 (1980). The necessary elements of attempt to commit a crime are intent and an overt act. *State v. Nicholson*, 77 Wn.2d 415, 420, 463 P.2d 633 (1969); *State v. Roby*, 67 Wn. App. 741, 840 P.2d 218 (1992).

■■ Mr. Grundy does not challenge the sufficiency of the evidence of intent. He argues there is no evidence of an overt act sufficient to establish attempt to possess cocaine. An overt act is a " 'direct, ineffectual act done toward commission of a crime' ". *Roby*, at 746 (quoting *Nicholson*, at 420). The overt act must be a substantial step, that is, one which is strongly corroborative of the crime. *State v. Workman*, 90 Wn.2d 443, 584 P.2d 382 (1978). Solicitation, in the sense of enticing someone to commit a crime, "does not constitute the overt act . . . that is a necessary element of the crime of attempt." *State v. Gay*, 4 Wn. App. 834, 839-40, 486 P.2d 341, *review denied*, 79 Wn.2d 1006 (1971).

Here, Mr. Grundy did not approach the officer; the officer approached him. He asked for cocaine only in response to the officer's asking him what he wanted. Although his words evidenced an intent to acquire possession of cocaine, they are insufficient, without more, to constitute the requisite overt act.

The overt act must be more than preparation; it must be " 'a direct, ineffectual act done toward commission of a crime and, where the design of a person to commit a crime is clearly shown, slight acts done in furtherance of this design will constitute an attempt.' " *Roby*, at 746-47 (quoting *Nicholson*, at 420). In *Roby*, we found when Mr. Roby produced a $100 bill for $50 worth of cocaine, that was a

thing of value to another to engage in specific conduct which would constitute such crime or which would establish complicity of such other person in its commission or attempted commission had such crime been attempted or committed."

sufficient overt act to support finding an attempt to possess a controlled substance. Here, the evidence did not show a sufficient step for us to find an overt act leading directly toward consummation of the attempted crime. The parties were still in the negotiation stage.

We reverse and dismiss.

THOMPSON, C.J., and SCHULTHEIS, J., concur.