IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36537-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DUSTIN J. HARBOUR, | ) | UNPUBLISHED OPINION |
| also known as DUSTIN R. HARBOUR, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Dustin Harbour appeals his convictions for attempted rape of a child in the second degree and communicating with a minor for immoral purposes following an internet sting operation. We reject his challenge to the sufficiency of the evidence supporting the attempted child rape conviction.

FACTS

Mr. Harbour became enmeshed with the Washington State Patrol's Internet Crimes Against Children Task Force, a group involving multiple state and federal agencies. Detective Jeff Bickford of the Richland Police Department created fictitious

social media profiles to catch adults who intended to engage in sex with minors. He created a profile on the anonymous social media chatroom "Whisper" where he portrayed a 13-year-old girl named Kaylee. He posted a public advertisement on Whisper stating "wish I was older. Everyone my age judges me."

Mr. Harbour responded to this advertisement and asked if "Kaylee" was interested in sex. The two conversed by social media and text. "Kaylee" stated she was "almost 14" years old. Mr. Harbour discussed sexual preferences and asked "Kaylee" intimate questions. Mr. Harbour sent a picture of his genitalia and stated his interest to engage in oral sex. The two eventually agreed to have oral sex and perform other sexual activities. "Kaylee" directed Mr. Harbour to meet her at a house the task force set up for the sting operation and requested Mr. Harbour bring condoms. A trooper portraying "Kaylee" greeted Mr. Harbour at the house and Mr. Harbour claimed he brought condoms. Law enforcement then arrested Mr. Harbour, although a search revealed no condoms on his person.

The case proceeded to jury trial in the Spokane County Superior Court. At trial, Mr. Harbour testified he believed "Kaylee" was not real and he went to the house only to identify the roleplaying individual. He claimed the picture of his genitalia was accidental. The State presented evidence that Mr. Harbour told law enforcement after his arrest that he knew "Kaylee" was under 14 years old and that he should not talk to her.

2

He claimed he only went to the house to warn "Kaylee" about the dangers of online predators.

The jury convicted Mr. Harbour of both charged offenses. The court imposed a low end standard range sentence. Mr. Harbour appealed to this court. The panel considered this appeal without oral argument.

ANALYSIS

This appeal raises a single, two-prong claim. Mr. Harbour contends the State presented insufficient evidence that he intended to commit child rape or that he took a substantial step towards committing rape.

Established standards govern insufficient evidence claims. We review to see if there was evidence from which the trier of fact could find each element of the offense proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-222, 616 P.2d 628 (1980). The reviewing court will consider the evidence in a light most favorable to the prosecution. *Jackson*, 443 U.S. at 319; Green, 94 Wn.2d at 221-222. Reviewing courts also must defer to the trier of fact "on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *State v. Thomas*, 150 Wn.2d 821, 874-875, 83 P.3d 970 (2004).

Attempted rape of a child under RCW 9A.44.076(1) requires proof that the defendant intended to engage in sexual intercourse with a child under 14 years old. *State v. Wilson*, 158 Wn. App. 305, 317, 242 P.3d 19 (2010). Intent to engage in sexual activity does not necessarily establish intent to engage in sexual intercourse. *State v. A.M.*, 163 Wn. App. 414, 423, 260 P.3d 229 (2011). A defendant's own statements or expressions that he intends to engage in sexual intercourse is sufficient to establish intent. *State v. Sivins*, 138 Wn. App. 52, 64, 155 P.3d 982 (2007).

The defendant must also take a substantial step with the requisite intent towards\ committing rape. *Wilson*, 158 Wn. App. at 317. A substantial step requires an overt act performed in furtherance of a crime that corroborates the defendant's intent.[1] *Id*. at 316-317. Mere preparation to commit a crime is not a substantial step. *State v. Townsend*, 147 Wn.2d 666, 679, 57 P.3d 255 (2002). Likewise, verbal responses to a solicitation to commit a crime may not constitute a substantial step. *State v. Grundy*, 76 Wn. App. 335, 337, 886 P.2d 208 (1994). However, this negotiating stage ends when the defendant takes an overt act toward committing the crime. *Id*. at 337-338. Travelling to have sex at an agreed location constitutes a substantial step. *Wilson*, 158 Wn. App. at 317; *Sivins*, 138 Wn. App. at 64.

---

[1] Factual impossibility is irrelevant. RCW 9A.28.020(2).

The evidence at trial included Mr. Harbour's numerous messages to "Kaylee" about sex and included agreements to engage in oral sex and possibly in other acts. Mr. Harbour drove to the location given by "Kaylee" and claimed that he had condoms, further corroborating his stated intent. This evidence allowed a reasonable factfinder to determine Mr. Harbour intended to have sexual intercourse with "Kaylee." Because we review evidence in the light most favorable to the State, any alternative theories Mr. Harbour presented are not relevant to this claim. The evidence permitted the factfinder to conclude that Mr. Harbour intended to have sexual intercourse with "Kaylee."

Mr. Harbour also claims that he did not take a substantial step toward having sex with "Kaylee" because he was investigating whether she was real and thus still negotiating before agreeing to have sex. The evidence shows that, after the two reached an agreement in their text message conversation to have sex, Mr. Harbour followed all instructions from "Kaylee" to travel to the sting house. He affirmed his identity and presence of condoms as agreed. The possibility that he lied about the condoms or might have had alternative plans after arriving is irrelevant. A rational fact finder could conclude he took overt acts that corroborated his expressed verbal intent to have sex with "Kaylee."

The jury heard evidence sufficient to sustain the conviction for attempted rape of a child in the second degree. Mr. Harbour's defense theories did not convince the factfinder and are not relevant to our inquiry.

No. 36537-9-III
*State v. Harbour*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Siddoway, J.